UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| Case No. | CV 14-4034 DSF (PLAx) | Date | 2/17/15 |
|---|---|---|---|
| Title | Beats Electronics, LLC v. Jack Dangoor, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order GRANTING Motion to Set Aside Default Judgment (Dkt. No. 31)

The Court previously entered default judgment in favor of Plaintiff Beats Electronics, LLC and against Defendants Jack Dangoor and J. Dangoor Investments. Defendants now move to set aside the default judgment.[1]  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for February 23, 2015 is removed from the Court's calendar.

"Where a defendant seeks relief under Rule 60(b)(1) based upon 'excusable neglect,' the court applies the same three factors governing the inquiry into 'good cause.'"  Brandt v. Am. Bankers Ins. Co. of Fla., 653 F.3d 1108, 1111 (9th Cir. 2011). Good cause is established when the defendant demonstrates that the default was not the result of defendant's culpable conduct, that a meritorious defense exists, and that reopening the default judgment would not result in prejudice to the plaintiff.  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001).

Culpable conduct occurs when a defendant "has received actual or constructive notice of the filing of the action and intentionally failed to answer."  Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988).  "Neglectful failure to

---

[1] The side issue related to the suspension of J. Dangoor Investments's corporate status appears to have been mooted.  According to the California Secretary of State's website, J. Dangoor Investments has been reinstated and is again an active corporation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional' . . . and is therefore not necessarily . . . culpable or inexcusable." TCI Group Life Ins. Plan, 244 F.3d at 697-98.

Although specific facts constituting a potential defense must be asserted, the burden on a party seeking to vacate a default judgment is not especially heavy.  Id. at 700.  The movant must only "demonstrate facts or law that shows the trial court that 'a sufficient defense is assertible.'" Id. (citation omitted).  In other words "there [must be] some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by default."  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).  "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits."  See O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (setting aside a default where no judgment had been entered) (citation omitted).

There is no dispute that Defendants received actual notice of the proceedings against them.  However, the Court finds their failure to appear does not rise to the level of culpable conduct.  Defendants do not appear to be particularly legally sophisticated  and claim not to have been represented by counsel.  Their failure to answer the complaint appears more due to foolishness and poor due diligence than any intent to subvert the legal process.[2]  Plaintiff has not made a case for any prejudice and Defendants may have a colorable defense on the merits as they claim that the goods in question were not counterfeit.  At this point, Plaintiff has presented minimal evidence that the goods were counterfeit.

The motion to set aside default judgment is GRANTED.  The judgment is vacated and the default is set aside.  Defendants are ordered to answer the complaint no later than March 2, 2015.

---

[2] Defendants have presented evidence that they believed that Plaintiff's counsel did not, in fact, represent Plaintiff and was a rogue law firm attempting to extort money from them.  While this may seem somewhat fanciful, Defendants were apparently supported in their belief by materials available on the Internet.  The purported copyright lawyer as shakedown artist is also not a completely unknown phenomenon.  See Ingenuity 13 LLC v. John Doe, CV 12-8333 ODW (JCx), 2013 WL 1898633 (C.D. Cal. 2013) (issuing sanctions against "porno-trolling collective" controlled by lawyers).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

IT IS SO ORDERED.