KILPATRICK TOWNSEND & STOCKTON LLP
JOSEPH E. PETERSEN (SBN 304597)
JPetersen@kilpatricktownsend.com
1080 Marsh Road
Menlo Park, CA 94025
Telephone:  650-326-2400
Facsimile:  650-326-2422

CHRISTOPHER T. VARAS (SBN 257080)
CVaras@kilpatricktownsend.com
9720 Wilshire Blvd PH
Beverly Hills, CA  90212-2018
Telephone:  310-248-3830
Facsimile:  310-860-0363

Attorneys for Plaintiff
BEATS ELECTRONICS, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| BEATS ELECTRONICS, LLC,<br><br>           Plaintiff,<br><br>      v.<br><br>JACK DANGOOR; J. DANGOOR INVESTMENTS; UNIVERSAL ASSET MANAGEMENT INCORPORATED; and DOES 1-10, Inclusive,<br><br>           Defendants. | CASE No. 14-CV-04034-DSF (PLAx)<br><br>**STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIAL**<br><br>**Mag. Judge: Hon. Paul L. Abrams**<br><br>**Court Room: G, 9th Floor** |

[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIAL
CASE NO. 14-CV-04034-DSF (PLAx)

Upon joint stipulation of Plaintiff Beats Electronics, LLC ("Plaintiff") and Defendants Jack Dangoor, J. Dangoor Investments, and Universal Asset Management Incorporated (collectively "Defendants"), by and through their respective counsel of record, and **FOR GOOD CAUSE SHOWN, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS**:

1. **PURPOSES AND LIMITATIONS**

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure; in the case of information that is extremely confidential and/or sensitive in nature, from disclosure to any other Party or Non-Party other than House Counsel and Outside Counsel of Record; and from use for any purpose other than prosecuting this Action may be warranted. The Parties acknowledge that this Stipulated Protective Order Regarding the Disclosure and Use of Discovery Material ("Order" or "Stipulated Protective Order") does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public or other disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

2. **GOOD CAUSE STATEMENT**

This Action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure; in the case of information that is extremely confidential and/or sensitive in nature, from disclosure to any other Party or Non-Party other than House Counsel and Outside

1  Counsel of Record; and from use for any purpose other than prosecution of this
2  Action is warranted. Such confidential and proprietary materials and information
3  consist of, among other things, confidential business or financial information,
4  information regarding confidential business practices, or other confidential research,
5  development, or commercial information (including information implicating privacy
6  rights of Non-Parties), information otherwise generally unavailable to the public or to
7  any Party or Non-Party, or which may be privileged or otherwise protected from
8  disclosure under state or federal statutes, court rules, case decisions, or common law.
9  Accordingly, to expedite the flow of information, to facilitate the prompt resolution
10 of disputes over confidentiality of discovery materials, to adequately protect
11 information Parties and Non-Parties are entitled to keep confidential, to ensure that
12 the Parties are permitted reasonable necessary uses of such material in preparation for
13 and in the conduct of trial, to address their handling at the end of the Action, and
14 serve the ends of justice, a protective order for such information is justified in this
15 matter. It is the intent of the Parties that information will not be designated as
16 confidential for tactical reasons and that nothing be so designated without a good
17 faith belief that it has been maintained in a confidential, non-public manner, and there
18 is good cause why it should not be part of the public record in this case and, in the
19 case of information that is extremely confidential and/or sensitive in nature, why it
20 should not be disclosed to any other Party or Non-Party other than House Counsel
21 and Outside Counsel of Record.

22    3.   **DEFINITIONS**

23    3.1   Action: This pending federal lawsuit titled *Beats Electronics,*
24 *LLC v. Jack Dangoor, et al.*, Case No. 2:14-cv-04034 DSF (PLAx).

25    3.2   Challenging Party: a Party or Non-Party that challenges the
26 designation of information or items under this Stipulated Protective Order.

27    3.3   "CONFIDENTIAL" Information or Items: information
28 (regardless of how it is generated, stored or maintained) or tangible things that

qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely confidential and/or sensitive "CONFIDENTIAL" Information or Items, disclosure of which to any other Party or Non-Party other than House Counsel and Outside Counsel of Record would create a substantial risk of serious harm that could not be avoided by less restrictive means. The Parties agree that the following information, if not previously disclosed publicly, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

3.5 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

3.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.8 Expert(s): a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action.

3.9 House Counsel: attorneys who are employees of a Party to this

Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10 Non-Party / Parties: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.11 Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, including support staff.

3.12 Party / Parties: any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

3.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

4. **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

1  Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

5. **DURATION**

Once a case proceeds to trial, all of the information to be introduced that was previously designated as Protected Material or maintained pursuant to this Stipulated Protective Order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this Stipulated Protective Order do not extend beyond the commencement of the trial.

6. **DESIGNATING PROTECTED MATERIAL**

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties or Non-Parties) may

1  expose the Designating Party to sanctions.

2  If it comes to a Designating Party's attention that information or items
3  that it designated for protection do not qualify for protection, that Designating Party
4  must promptly notify all other Parties that it is withdrawing the inapplicable
5  designation.

6  6.2   Manner and Timing of Designations. Except as otherwise
7  provided in this Stipulated Protective Order (see, e.g., second paragraph of Section
8  6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery
9  Material that qualifies for protection under this Stipulated Protective Order must be
10 clearly so designated before the material is disclosed or produced.

11 Designation in conformity with this Stipulated Protective Order
12 requires:

13 (a) for information in documentary form (e.g., paper or electronic
14 documents, but excluding transcripts of depositions or other pretrial or trial
15 proceedings), that the Producing Party affix, at a minimum, the legend
16 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
17 ONLY" to each page that contains Protected Material. If only a portion or portions
18 of the material on a page qualifies for protection, the Producing Party also must
19 clearly identify the protected portion(s) (e.g., by making appropriate markings in the
20 margins).

21 A Party or Non-Party that makes original documents available for
22 inspection need not designate them for protection until after the inspecting Party has
23 indicated which documents it would like copied and produced. During the
24 inspection and before the designation, all of the material made available for
25 inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has
26 identified the documents it wants copied and produced, the Producing Party must
27 determine which documents, or portions thereof, qualify for protection under this
28 Stipulated Protective Order. Then, before producing the specified documents, the

Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

7. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, *et seq*. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

7.3 <u>Burden</u>. The burden of persuasion in any such challenge

proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties or Non-Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties and Non-Parties bound by this Stipulated Protective Order shall continue to afford the Protected Material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8. **ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action,

provided that each such person has agreed to be bound by the provisions of the Stipulated Protective Order by signing a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that each such person has agreed to be bound by the provisions of the Stipulated Protective Order by signing a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (d) the Court, jury, and Court personnel;

   (e) Court reporters, stenographers and videographers retained to record testimony taken in this Action;

   (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action, provided that each such person has agreed to be bound by the provisions of the Stipulated Protective Order by signing a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (g) Any persons who: (i) appear on the face of the designated Protected Material as an author, addressee or recipient thereof, or (ii) are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes that the designated Protected Material was authored or received by the witness;

   (h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness agree to be bound by the provisions of the Stipulated Protective Order by signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any Protected Material unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to

anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

8.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  A Producing Party may only designate Disclosure or Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Disclosure or Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)  the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the Receiving Party's House Counsel, as well as their immediate paralegals and staff to whom it is reasonably necessary to disclose the information for this Action, provided that each such person has agreed to be bound by the provisions of the Stipulated Protective Order by signing a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that each such person has agreed to be bound by the provisions of the Stipulated Protective Order by signing a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court, jury, and Court personnel;

(e) Court reporters, stenographers and videographers retained to record testimony taken in this Action;

(f) Any persons who: (i) appear on the face of the designated Protected Material as an author, addressee or recipient thereof, or (ii) are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes that the designated Protected Material was authored or received by the witness;

(g) professional jury or trial consultants and/or Professional Vendors to whom disclosure is reasonably necessary for this Action, provided that each such person has agreed to be bound by the provisions of the Stipulated Protective Order by signing a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information

designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

(a) The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1) promptly notify in writing the requesting party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any of the Non-Party's Protected Material before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom the unauthorized disclosure(s) were made of all the terms of this Stipulated Protective Order, and (d) request that such person or persons sign a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

12. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the

Parties may incorporate their agreement in a stipulated protective order submitted to the Court.

13. **MISCELLANEOUS**

    13.1  <u>Right to Further Relief</u>.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

    13.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the Protected Material covered by this Stipulated Protective Order.

    13.3  <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

14. **FINAL DISPOSITION**

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such Protected Material.  As used in this Section 14, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline

1  that (1) identifies (by category, where appropriate) all the Protected Material that was
2  returned or destroyed and (2) affirms that the Receiving Party has not retained any
3  copies, abstracts, compilations, summaries or any other format reproducing or
4  capturing any of the Protected Material. Notwithstanding this provision, Counsel are
5  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,
6  and hearing transcripts, legal memoranda, correspondence, deposition and trial
7  exhibits, Expert reports, attorney work-product, and consultant and Expert work-
8  product, even if such materials contain Protected Material. Any such archival copies
9  that contain or constitute Protected Material remain subject to this Stipulated
10 Protective Order as set forth in Section 5 (DURATION).

11     15.    Any violation of this Stipulated Protective Order may be punished by
12 any and all appropriate measures including, without limitation, contempt proceedings
13 and/or monetary sanctions.

15 **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

16 DATED: October 27, 2015

17 *(signature)*
18 _____
19 Hon. Paul L. Abrams
   United States Magistrate Judge

# EXHIBIT A

# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [full name], acknowledge and declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order Regarding the Disclosure and Use of Discovery Material ("Order") that was issued by the United States District Court for the Central District of California on \_\_\_\_\_ [date] in the case of *Beats Electronics, LLC v. Jack Dangoor, et al.*, Case No. 14-CV-04034-DSF (PLAx). I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose, in any manner, any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Dated: _____

City and State where sworn and signed: _____

Name of individual: _____

Present occupation/job description: _____

_____

Name of Company or Firm: _____

Address: _____

_____
[Signature]